IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

FILED
APR - 4 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | | |
|---|---|---|
| WINIFRED WACKMAN, et al. | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | P-07-CV-32 |
| | § | |
| PATRICIA ANN RUBSAMEN, et al. | § | |
| Defendants. | § | |

## ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court are Plaintiffs' Motion for Partial Summary Judgment, filed on February 8, 2008 (Doc. 134); Defendant's Response to said Motion, filed February 19, 2008 (Doc. 144); and Plaintiffs' Reply thereto, filed February 25, 2008 (Doc. 145). A hearing was held on March 10, 2008 regarding the above matters.

### BACKGROUND

Carolyn Smith Clark died, at the age of 82, on May 19, 2005. Carolyn Clark left a will duly executed on November 15, 2001. Prior to the November 2001 will, a holographic will was written by Carolyn Clark in late October 2005. Neither will left any provision for the testatrix's three children: Jessica Bland Clark, Winifred Clark Wackman, and Janice Clark Kellogg (along with Jeff Haynes and Joseph Grady Clark "Plaintiffs"). These wills left the majority of Carolyn Clark's estate to her care giver, Patricia Rubsamen (along with Billy Frank Peters "Defendants"). Also, prior to her death, Carolyn Clark made changes to trust instruments that eliminated trusts that would have passed property in trust to Joseph Grady Clark at Carolyn Clark's death. Jeff Haynes was the trustee of these eliminated trusts.

Plaintiffs have filed a suit for wrongful death, alleging that Defendants gave Carolyn Clark a lethal dose of morphine (Roxanol) to end her life prematurely during her doctor-ordered hospice care. Additionally, Plaintiffs assert causes of action for undue influence, tortious interference with inheritance, and fraudulent conveyances.

Defendants, in their Answer, claim fourteen affirmative defenses, including that Defendants

K:\Text\JUNELL CLERKS\MBaker\Civil\Wackman v. Rubsamen, PE-07-CV-32\Order - 32 Grant Partially Plaintiff MSJ.wpd
April 4, 2008 (9:30am)

Page 1 of 4

are not liable in the capacity in which they have been sued, that Plaintiffs' wrongful death claim is a medical malpractice claim under Chapter 74 of the Texas Civil Practice and Remedies Code because Defendants are healthcare providers, and Plaintiffs' claims are subject to defenses and limitations on liability contained in Chapter 166 of the Texas Health and Safety Code (advance directives). The Court, at this time, only addresses the issues concerning Chapter 74 of the Texas Civil Practice and Remedies Code.

## STANDARD OF REVIEW

Summary judgment should be granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which the moving party believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1996). Further, the moving party has the burden of showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Willis v. Roche Biomedical Lab., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty-Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993). The burden on the moving party may be discharged by showing that there is an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 323.

If the movant carries this burden, the burden shifts to the nonmovant to show the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A party opposing a properly-supported motion for summary judgment may not rest upon mere allegations or denials of her pleading, but must set forth specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56(e); *Anderson*, 477 U.S. at 256. Unsubstantiated or conclusory assertions that a fact issue exists will not suffice. *Krim v. BancTexas Group, Inc.*, 989

F.2d 1435, 1442 n.4 (5th Cir.1993); *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992). The nonmovant "must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." *Krim*, 989 F.2d at 1442 n.4. Only disputes over facts that might affect the outcome of the suit under the governing substantive law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. Factual disputes that are unnecessary or irrelevant will not be counted. *Id.* In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive evidentiary burden. *Id.* at 254.

All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmovant. *Matsushita*, 475 U.S. at 587. If the record, so illuminated, could not lead a rational trier of fact to find for the nonmovant, summary judgment is proper. *Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing *Matsushita*, 475 U.S. at 577-78). On the other hand, if the factfinder could reasonably find in the nonmovant's favor, summary judgment should be denied. *Id.* (citing *Anderson*, 477 U.S. at 250). Finally, even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that it would be prudent to proceed to trial. *Anderson*, 477 U.S. at 255.

## DISCUSSION

Texas Civil Practice and Remedies Code Chapter 74, more commonly known as the Medical Liability and Insurance Improvements Act ("MLIIA"), creates causes of action for liability in medical malpractice. Tex. Civ. Prac. & Rem. Code § 74.001 et seq. (Vernon 2005 & Supp. 2007). To be sued under the section, the defendant must be a physician or a health care provider. *Id.*

Section 74.001(12) defines a "health care provider" as an entity that is "duly licensed, certified, registered, or chartered by the State of Texas to provide health care." Tex. Civ. Prac. & Rem. Code § 74.001(12)(A). (Vernon 2005). The statute illustrates example occupations, such as a registered nurse, dentist, pharmacist, or health care institution, that are covered under the definition. *Id.* Additionally, subsection B states that "an employee, independent contractor, or agent of a health care provider or physician acting in the course and scope of the employment or contractual relationship" is also a health care provider. *Id.* at (12)(B). Texas courts, in certain situations, have conferred "health care provider" status upon hospitals' and physicians' employees.

*Valley Baptist Med. Center v. Azua*, 198 S.W.3d 810, 814 (Tex. App. – Corpus Christi 2006) (conferring status on hospital employees who negligently moved a patient into a wheelchair); *ProPath Svcs. v. Koch*, 192 S.W.3d 667, 672 (Tex. App. – Dallas 2006) (conferring status on physician-employed laboratory technicians who analyzed patient samples).

Defendants argue that administration of an overdose of morphine should properly have been plead as a medical negligence claim. The Court disagrees. After reviewing Texas case law, the Court finds that Defendants are not health care providers as defined under MLIIA. Defendants were not themselves properly licensed to provide health care, nor were they acting in an employment or agency capacity for a health care provider or licensed physician. The case law cited by Defendants involves actions under the MLIIA against entities that are properly considered to be health care providers under the statutory definition. (*See* Def. Resp. to Pl. Mot. for Partial Summ. J. 4). Because Defendants are not health care providers, Plaintiffs are not obliged to bring this cause of action under the MLIIA.

The Court GRANTS IN PART Plaintiffs' Motion for Partial Summary Judgment (Doc. 134), finding that Defendants are not health care providers as defined under Texas Civil Practice and Remedies Code Chapter 74.

IT IS SO ORDERED.

SIGNED on this 4 day of APRIL, 2008.

ROBERT JUNELL
United States District Judge
Western District of Texas